UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

VS.                                  CASE NO: 2:93-cr-102-FtM-29

ROBERT UPSHAW

_____

## ORDER DENYING DEFENDANT'S MOTION FOR PRISON-TERM REDUCTION UNDER 18 U.S.C. § 3582(C)(2) BASED ON USSG AMEND. 782

This matter come before the Court on defendant's Motion for Reduction of Sentence Based on Retroactive Guideline Amendment ("Amendment 782") Effective November 1, 2014, Concerning Drug Offenses (Doc.# 1,203).  Upon review, on November 14, 2014, the Federal Public Defender's Office was appointed to represent defendant in connection with the motion.  (Doc. #1207.)

On October 9, 2015, the Federal Public Defender's Office filed a Notice (Doc. #1216) indicating that it had reviewed the case, and could not argue in good faith that defendant was entitled to a reduction in his sentence.  The Federal Public Defender's Office was permitted to withdraw, defendant was granted leave to supplement his own motion, and the government was directed to file a response.  (Doc. #1217.)  Defendant did not file a supplement, and the government filed its Response to Amendment 782 Order (Doc. #1218).

Pursuant to the Omnibus Order In Re: Amendment 782, United States Sentencing Guidelines, 6:14-mc-78-ORL-22, the United States Probation Office issued a Memorandum indicating that defendant was ineligible for a reduction because he was sentenced as a career offender.   Defendant asks the Court to consider his post-conviction rehabilitation efforts in prison, and to consider a reduction based on 18 U.S.C. § 3553(a) factors.   At the time of sentencing, defendant's Base Offense Level was a 38 based on the offense involving "at least 1.5 kilograms" of cocaine base.[1]  The career offender enhancement was not greater than the Total Offense Level of 38, and therefore defendant's Enhanced Offense Level remained at 38.   In light of his extensive criminal history, defendant scored at a Criminal History Category VI placing defendant in an applicable guideline range of 360 months to life imprisonment.

Having reviewed the facts in both the original presentence investigation report and the August 18, 2015 Memorandum by the United States Probation Office, and taking into account the factors set forth in 18 U.S.C. § 3553(a) and the need to consider the nature and seriousness of any danger posed by a reduction, see U.S. Sentencing Guidelines Manual § 1B1.10 cmt. n.1, the Court

---

[1] More specifically, at sentencing, the Court found defendant was accountable for 3 kilograms of cocaine base.  United States v. Upshaw, 362 F. App'x 118, 119 (11th Cir. 2010).

finds that defendant does not qualify for a reduction in his sentence. As with the previous Amendment to the Sentencing Guidelines, even if the Base Offense Level is lower for 3 kilograms of cocaine base, defendant was designated as a career offender. As such, the guideline range for a career offender in a Criminal History Category VI would remain unchanged and Amendment 782 would not reduce defendant's sentence. See United States v. Moore, 541 F.3d 1323, 1330 (11th Cir. 2008) ("Where a retroactively applicable guideline amendment reduces a defendant's base offense level, but does not alter the sentencing range upon which his or her sentence was based, § 3582(c)(2) does not authorize a reduction in sentence."). Therefore, the motion for a reduction will be denied.

Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

Defendant's Motion for Reduction of Sentence Based on Retroactive Guideline Amendment ("Amendment 782") Effective November 1, 2014, Concerning Drug Offenses (Doc. #1,203) is **DENIED.**

**DONE and ORDERED** at Fort Myers, Florida, this ___23rd___ day of December, 2015.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

3

Copies:
AUSA
Counsel of record
U.S. Probation
DCCD