UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

VS.                                CASE NO: 2:93-cr-102-FtM-29UAM

ROBERT UPSHAW

**OPINION AND ORDER**

This matter comes before the Court on defendant's Motion to Reduce Sentence Pursuant to The First Step Act of 2018 (Doc. #1259) filed on July 30, 2019, by and through counsel. The government filed an Opposition (Doc. #1263) on August 27, 2019, opposing a reduction in defendant's sentence. For the reasons set forth below, the motion is granted.

**I.**

On December 10, 1993, defendant Robert Upshaw (Upshaw or defendant) was convicted by a jury of conspiracy to possess with intent to distribute crack and powder cocaine in violation of 21 U.S.C. § 841(a)(1) and § 846. According to the Presentence Report, defendant obtained approximately 120 grams of crack cocaine on a monthly basis, and sold at least 3 kilograms of crack cocaine during his participation in the offense. (Doc. #1255, ¶ 21.) Given the quantity of crack cocaine, the statutory penalty was a mandatory ten years imprisonment to life imprisonment. (Id., ¶ 84.) As the Eleventh Circuit summarized:

> In 1993, a jury found Upshaw guilty of one count of conspiracy to possess with intent to distribute cocaine base. At his original sentencing, the district court held Upshaw accountable for 3 kilograms of cocaine base. Using this drug quantity, Upshaw's base offense level under U.S. [Sentencing Guidelines Manual] § 2D1.1(c)(3) (1993) was 38. However, because Upshaw had two prior qualifying felony convictions, Upshaw was designated a career offender.[ ]
>
> The career offender provision, U.S.S.G. § 4B1.1, instructs the district court that, "[i]f the offense level for a career criminal from the table below is greater than the offense level otherwise applicable, the offense level from the table below shall apply." U.S.S.G. § 4B1.1 (1993). Upshaw's base offense level under the career offender guideline table was 37, § 4B1.1(A) (1993), which with his criminal history category of VI yielded a guidelines range of 360 months to life imprisonment. However, pursuant to § 4B1.1, the district court applied the greater offense level, 38, from § 2D1.1(c)(3) to calculate Upshaw's guidelines range. With a total offense level of 38 and a criminal history category of VI, Upshaw's guidelines range was 360 months to life imprisonment. The district court imposed a 360-month sentence.

United States v. Upshaw, 362 F. App'x 118, 119 (11th Cir. 2010) (footnote omitted).

On appeal, defendant's sentence was affirmed, even though it violated Apprendi v. New Jersey, 530 U.S. 466 (2000) and was plain error for this reason, because the error did not affect his substantial rights. (Doc. #831-1, pp. 24-26, 29-31.) The Eleventh Circuit noted that defendant never suggested that he was responsible for less than 50 grams of cocaine base, the threshold amount for a sentence within the range of 10 years to life at that time. (Doc. #831-1, p. 30.) Defendant's subsequent motions to modify his sentence pursuant to 18 U.S.C. § 3582 and Amendments

2

668, 706, 750, and 782 were all denied. (Docs. ## 1015, 1112, 1151, 1219, 1235.)

## II.

In 2010, Sections Two and Three of the Fair Sentencing Act of 2010 (FSA of 2010) lowered statutory penalties for certain offenses involving crack cocaine by raising the triggering amounts for enhanced penalties. FSA of 2010, Pub. L. No. 111-220, §§ 2-3, 124 Stat. 2372, 2372. Specifically, the statute reduced the disparity between the quantities of crack cocaine and cocaine required to trigger the statutory penalties prescribed by 21 U.S.C. §§ 841(b)(1) and 960(b). Id. § 2. Section 2 of the Fair Sentencing Act changed the quantity of crack cocaine necessary to trigger a 10-year mandatory minimum from 50 grams to 280 grams. Id. § 2(a)(1)-(2). See 21 U.S.C. § 841(b)(1)(A)(iii).

In 2018, the First Step Act (FSA of 2018) made sections two and three of the FSA of 2010 retroactively applicable to defendants who were sentenced for a covered drug offense on or before the FSA of 2010's enactment on August 3, 2010. FSA of 2018, Pub. L. No. 115-391, § 404, 132 Stat. 5194, 5194.

## III.

The Court starts with the proposition that a district court has no inherent authority to modify a defendant's sentence, but rather may do so "only when authorized by a statute or rule." United States v. Puentes, 803 F.3d 597, 606 (11th Cir. 2015). See

also Dillon v. United States, 560 U.S. 817, 824 (2010). As relevant to this case, 18 U.S.C. § 3582(c) gives the district court the authority to "modify an imposed term of imprisonment to the extent. . .expressly permitted by statute. . . ." 18 U.S.C. § 3582(c)(1)(B). The parties in this case dispute whether the First Step Act is such a statute.

The United States Probation Office filed a Memorandum (Doc. #1255) indicating that defendant is "ineligible" for a reduction in his sentence. This is so because retroactive application of the Fair Sentencing Act would not reduce the applicable penalties since defendant was held accountable for at least 1.5 kilograms but less than 5 kilograms of crack cocaine. Defendant disagrees, and argues that he is eligible for a reduction because it is the statute of conviction, not the actual conduct of defendant, that controls. The government agrees with the Probation Office's position. The parties also disagree about whether, if defendant is eligible, the Court should grant a discretionary sentence reduction.

To the extent that "eligible" refers to the Court's authority (i.e., jurisdiction) to consider defendant's request, the Court finds that defendant is eligible under the First Step Act. The First Step Act authorizes, but does not require, a district court to "impose a reduced sentence as if sections 2 and 3 of the [FSA of 2010] were in effect at the time the covered offense was

committed." Id. A "covered drug offense" is a drug offense for which the "statutory penalties" were "modified" by section two or three of the FSA of 2010. Id. § 404(a).

Defendant was convicted of a "covered drug offense" since the effect of the FSA of 2010 was to lower the statutory penalty for conspiracy to possess with intent to distribute cocaine base involving three kilograms of crack cocaine. Thus, the Court concludes that defendant is eligible to have his case considered under the First Step Act, i.e., that the Court has jurisdiction under § 3582(c)(1)(b) to consider defendant's requested relief. See United States v. Jelks, 19-10830, 2019 WL 4466870, at *1 (11th Cir. Sept. 18, 2019) (First Step Act available to defendant sentenced as career offender); United States v. Carter, 19-10918, 2019 WL 5295132, at *2 (11th Cir. Oct. 18, 2019) (affirming district court conclusion that defendant is not eligible for relief under First Step Act).

**IV.**

To the extent that "eligible" refers to a merits-determination, the Court finds, in the exercise of its discretionary authority, that defendant is eligible for (i.e., entitled to) relief under the First Step Act, and therefore grants relief on the merits. "To qualify as a covered offense under the First Step Act, the conviction at issue had to have been modified by Section 2 or 3 of the FSA." United States v. Holman, 19-6754,

5

2019 WL 5704227, at *1 (4th Cir. Nov. 5, 2019). Here, defendant has made such a showing.

If defendant was sentenced today, the drug calculations based upon the amount of crack cocaine would result in a lower sentencing guidelines range. But defendant would continue to be a career offender, which trumps the drug quantity calculation of the guidelines. For most defendants, this results in a sentencing range which would not be lowered by the First Step Act. However, defendant's career offender status does not have that same effect. Rather, if defendant was sentenced today, he would be looking at a drug offense which carries a maximum penalty of 20 years of imprisonment (for a conspiracy involving a detectable but unspecified amount of crack cocaine, 21 U.S.C. § 841(b)(1)(C)); as a result, his Offense Level as a career offender would be a level 32, and not a level 37. U.S. Sentencing Guidelines Manual § 4B1.1(b)(3). Defendant's criminal history category would remain Category VI, and the resulting sentencing range would be 210 months to 262 months.

Defendant has served approximately 300 months of imprisonment. Defendant is pending release to an RRC on or about January 21, 2020, and his projected release date from the Bureau of Prisons is October 13, 2020. Even considering his prison disciplinary record, a sentence of time-served plus ten days is

6

appropriate after considering all the factors under 18 U.S.C. § 3553(a).

Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

1. Defendant's Motion to Reduce Sentence Pursuant to The First Step Act of 2018 (Doc. #1259), filed by counsel, is **GRANTED**.

2. Defendant's previously imposed sentence of imprisonment of **360** months is reduced to **time served, plus ten (10) days** followed by a reduced term of supervised release of **3** years.  Except as otherwise provided, all provisions of the judgment dated **April 13, 1994** shall remain in effect.

**DONE and ORDERED** at Fort Myers, Florida, this ___20th___ day of November, 2019.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
AUSA
Counsel of record
U.S. Probation
U.S. Marshal

Southeast Regional Office
Federal Bureau of Prisons
3800 Camp Creek Parkway, Bldg. 2000
Atlanta, GA 30331